1   PETER C. McMAHON (SBN. 161841)
2   MCMAHON SEREPCA LLP
    1900 S. Norfolk Street, Suite 350
3   San Mateo, California 94403
    Tel:  650-637-0600
4   Fax:  650-637-0700
    Email: peter@msllp.com
5
    Attorneys for Defendants
6   OURA HEALTH OY, OURARING INC.

7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11

12  BREES COMPANY, INC.,                    CASE NO.

13            Plaintiff,                    **OURA HEALTH OY'S NOTICE  OF
                                            REMOVAL OF ACTION UNDER 28
14        v.                                U.S.C. § 1441(b) DIVERSITY**

15  OURA HEALTH OY, OURA RING, INC. and     State Court Complaint Filed: September
    DOES 1 through 10, inclusive,           23, 2024
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

                   OURA HEALTH OY'S NOTICE  OF REMOVAL OF ACTION
                                        1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTCE** that defendant Oura Health OY ("Oura Health") hereby removes to this Court the state court action described below.

    1.    On September 23, 2024, an action was commenced in the Superior Court of the State of California in and for the City and County of San Francisco, entitled *BREES COMPANY, INC., Plaintiffs v. OURA HEALTH OY, OURA RING, INC., and DOES 1 through 10, inclusive, Defendants*, as Case No. CGC-24-618303 ("Complaint"). A copy of the Complaint (and the accompanying documents) served on defendant is attached hereto as **Exhibit "A."**

    2.    The first date upon which defendant Oura Health received a copy of said complaint was November 14, 2024, when, pursuant to Finnish law and requisite international treaties, Oura Health was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as **Exhibit "B."**

    3.    <u>Jurisdiction</u>:  This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 11441(b) in that at all times relevant to the Complaint and this Removal the matter is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest because the plaintiff in his complaint claims sums in excess of $750,000. (*See* Complaint, §§ 11, 33 – 35, 44 – 45, 51 – 52, and 58).

    4.    <u>Jurisdiction</u>:  Complete diversity of citizenship exists in that at all times relevant: Plaintiff, Brees Company, Inc., was/is a corporation incorporated under the laws of the State of Ohio, having its principal place of business on Cleveland, Ohio; and defendant Oura Health OY was/is a corporation incorporated under the laws of the foreign country of Finland, having its principal place of business in Oulu, Finland.

    5.    <u>Sham Defendant</u>:  The Complaint herein also names as a defendant Ouraring Inc. (erroneously sued as "Oura Ring, Inc."), which is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in San Francisco, California. However, the citizenship of said defendant should be disregarded for purposes of determining

jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Ouraring was joined improperly and there is no basis under any theory for recovery against Ouraring. Indeed, with regard to the Complaint's first two causes of action for (1) Breach of Contract between Plaintiff and Oura Health; and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, these two causes of action pertain to an alleged Contract, which attached to the Complaint and incorporated therein, which is executed between Plaintiff and Oura Health OY only. *See Complaint*, Exhibit 1. Ouraring is not a signatory on the alleged contract, and thus, there is no possibility of liability to Ouraring. In addition, the *Res* at bar in the Complaint is Oura Health's Common Stock – not Ouraring's. *See* Complaint, §§ 33 -35, and 42 - 45.

6.      With regard to the Third Cause of Action, Fraud, the Complaint incorporates by reference the first 27 paragraphs of the Complaint, including Exhibit 1, and thus, is similarly precluded from asserting "fraud" against Ouraring. In addition, Plaintiff's allegations of "fraud" do not state a claim upon which relief could be granted because the allegations are insufficient as a matter of law to establish liability against defendant Ouraring because the allegations fail to assert necessary detail under California law that Ouraring made any false representations. *See Committee on Children's Television, Inc.* v. *General Foods Corp.*, 35 Cal.3d. 197 (1983). Indeed, Plaintiff's allegations (i) "defendants' board of directors had approved Harpeet Singh Rai's execution of the Option", and (ii) "Defendants' board of directors approved the execution of the Option" are sham allegations and meritless in that Ouraring's board of directors would not have to approve its parent company's issuance of the parent company's own common stock. *See e.g., Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 233 F.R.D. 143 (D. Del. 2005) ("A subsidiary, by definition, does not control its parent corporation.").

7.      With regard to the Fourth Cause of Action, Negligent Representation, the Complaint incorporates by reference all of the paragraphs of the Complaint, including Exhibit 1, and thus, is similarly precluded from asserting liability against Ouraring.

8.      <u>Divisional Assignment</u>: Pursuant to Local Rules of Court 3-5(b) and 3-2(c) & (d), defendant has captioned this matter for removal to this division of the Court because Plaintiff filed his Complaint in the Superior Court of the State of California in and for the City and

OURA HEALTH OY'S NOTICE  OF REMOVAL OF ACTION

County of San Francisco, and defendant Ouraring's principal place of business is San Francisco, California.

Dated:  November 27, 2024

/s/ Peter C. McMahon
Peter C. McMahon, Esq.
MCMAHON SEREPCA LLP
Attorneys for Defendants

**EXHIBIT A**

CASE NUMBER: CGC-24-618303  BREES COMPANY, INC. VS. OURA HEALTH OY ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **FEB 26, 2025**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF):** The ADR DEPARTMENT OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. BASF's panel of experienced, professional and impartial mediators work with parties to help them arrive at mutually agreeable solutions. Parties can select their mediator from the website www.sfbar.org/mediation or BASF can assist with mediator selection. BASF pre-screens all mediators based upon strict educational and experience requirements and handles administrative matters, including conflict checks and case management. BASF charges an initial fee of $295 per party, which covers (1) BASF's administration costs, (2) the first hour of preparation time, and (3) the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate, which varies depending on the mediator selected. Waivers of BASF's fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3) ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
adrcoordinator@sftc.org
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ <br> **DEPARTMENT 610** |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐  90-120 days  ☐  Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____     _____
Name of Party Stipulating                      Name of Party Stipulating

_____     _____
Name of Party or Attorney Executing Stipulation        Name of Party or Attorney Executing Stipulation

_____     _____
Signature of Party or Attorney                  Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant    ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____        Dated: _____

☐ *Additional signature(s) attached*

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OURA HEALTH OY, OURA RING, INC., and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BREES COMPANY, INC.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Civic Center Courthouse 400 McAllister St., San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* **CGC-24-618303** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kim Riley Law; Rebecca J. Riley/Andrew F. Kim, 9018 Balboa Boulevard, #552, Northridge CA 91325 - 818-216-5288; 323-547-8992

| DATE: *(Fecha)* **09/23/2024** | Clerk, by *(Secretaria)* **SAHAR ENAYATI** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Oura Health Oy
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kim Riley Law — Rebecca J. Riley - SBN 139085/Andrew F. Kim — SBN 56533
9018 Balboa Boulevard, #552, Northridge, CA 91325

TELEPHONE NO.: 818-216-528    FAX NO.:
EMAIL ADDRESS: rriley@kimrileylaw.com; akim@kimrileylaw.com
ATTORNEY FOR *(Name):* Plaintiff Brees Company, Inc.

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/23/2024**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Brees Company, Inc. v. Oura Health OY, Oura Ring, Inc., and Does 1 through 10, inclusive

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **CGC-24-618303** |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 2: Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 23, 2024

Andrew F. Kim
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
    relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Rebecca J. Riley (Bar No. 139085)
Rriley@kimrileylaw.com
Andrew F. Kim (Bar No. 156533)
Akim@kimrileylaw.com
KIM RILEY LAW
9018 Balboa Boulevard, Suite 552
Northridge, CA 91325
Telephone: (323) 547-8992; (818) 216-5288

Attorneys for Plaintiff
BREES COMPANY, INC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/23/2024**
**Clerk of the Court**
BY: SAHAR ENAYATI
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| BREES COMPANY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OURA HEALTH OY, OURA RING, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  **CGC-24-618303**<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT; and**<br><br>2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; or**<br><br>- **In the Alternative** -<br><br>3) **FRAUD; or**<br><br>- **In the Alterative -**<br><br>4) **NEGLIGENT MISREPRESENTATION** |

1

**COMPLAINT**

1      1.      Plaintiff Brees Company, Inc. (sometimes referred to as "Plaintiff") alleges as
2  follows:

3                                    **PARTIES**

4      2.      Plaintiff Brees Company, Inc. is a corporation duly organized and existing under
5  the laws of the State of Ohio and conducting and qualified to do business in the State of
6  California, among others.

7      3.      Drew Brees is the majority shareholder in Plaintiff Brees Company, Inc. Among
8  other things, Plaintiff contracts with third parties for the endorsing and marketing services of
9  Drew Brees. Drew Brees is, among other things, an investor and an endorser of products and
10 services. From 2001 through 2020, Brees was a quarterback in the National Football League.
11 Brees played five seasons with the NFL football team then known as the San Diego Chargers
12 and then played fifteen seasons with the New Orleans Saints until his retirement in 2021.In
13 February 2010, Brees led the Saints to victory in Superbowl XLIV and was named the Most
14 Valuable Player of that game. The Saints' Superbowl win was widely viewed as a major morale
15 boost for the city of New Orleans following the destruction and devastation wrought by Hurricane
16 Katrina in 2005. Brees was selected to the Pro Bowl thirteen times, was named a first team All
17 Pro in 2006 and a second team All Pro four times. Brees shares the record for most passing
18 touchdowns in a single game, holds the record for best pass completion percentage in a single
19 season, has the most 5,000 yard passing seasons, and has the most consecutive games with a
20 touchdown pass.

21     4.      Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges
22 that Defendant Oura Ring Inc. ("Oura") is a Delaware Corporation whose principal place of
23 business is 90 Chaves Avenue, San Francisco, California, 94127.

24     5.      Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges
25 that Defendant Oura Health Ltd., formerly known as "JouZen Oy" and now doing business as
26 "Oura Health Oy" is a Finnish limited company with a principal place of business at
27 Elektroniikkatie 10, 90590 Oulu, Finland ("Oura Health"). Plaintiff is further informed, believes,
28 and based thereon alleges that Oura Health owns and is the parent company to Oura.

1
**COMPLAINT**

6.    Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges that defendants Oura and Oura Health were and are the *alter egos* of each other, to wit:  (a) Oura Health is the sole shareholder/owner of Oura and dominates and controls Oura; (b) Oura and Oura Health commingle funds and assets as between them; (c) Oura and Oura Health fail to segregate their respective funds; (d) Oura and Oura Health each treat the other's assets as their own; (e) Oura and Oura Health confuse their respective records; (f) Oura and Oura Health use the same office locations; (g) Oura has been and is inadequately capitalized; (h) Oura and Oura Health have disregarded corporate formalities; (i) Oura and Oura Health have failed to maintain an arm's length relationship; (j) Oura and Oura Health have diverted assets among themselves to the detriment of creditors; and (k) Oura and Oura Health have manipulated assets and liabilities between them so as to concentrate assets in one and liabilities in the other. Accordingly, there has existed between Oura and Oura Health a unity of interest and ownership such that there does not exist a separateness between them, and injustice would result if the acts in question were treated as those of only one of the corporate entities. The individuality of each of these Defendants has ceased. Adherence to the fiction of the separate existence of Oura and Oura Health would permit an abuse of the corporate privilege, promote injustice and sanction a fraud.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff Brees Company, Inc., who therefore sues these defendants by such fictitious names. Oura, Oura Health, and Does 1 through 10 are sometimes referred to herein as "Defendants." Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when ascertained. Plaintiff is informed, believes, and based thereon alleges that, at all times relevant hereto, each defendant designated herein as a Doe defendant is or was in some manner or degree responsible for the injuries suffered by Plaintiff as alleged in this Complaint and were co-conspirators of the Defendants in the acts and conduct set forth herein.

8.    Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges that, at all times relevant hereto, each of the Defendants was and is the agent, partner or employee of every other defendant and, in doing the things alleged in this Complaint, acted within the

KIM RILEY LAW
ATTORNEYS AT LAW

2
**COMPLAINT**

1    course and scope of such agency, partnership and/or employment relationship.

2                                   **JURISDICTION AND VENUE**

3           9.      This Court has personal jurisdiction over Oura because Oura is headquartered in

4    San Francisco and regularly conducts business throughout California.

5           10.     This Court has personal jurisdiction over Oura and Oura Health because Oura and

6    Oura Health regularly conduct business throughout California by, among other things,

7    extensively marketing their products through Oura in the United States, including California.

8    Oura and Oura Health also specifically engaged in the transaction described herein with Plaintiff,

9    and this lawsuit arises out of that transaction.

10          11.     This Court has subject matter jurisdiction over this action because it involves an

11   amount in controversy well in excess of the minimum jurisdictional amount of this Court.

12          12.     A substantial proportion of the actions, omissions and harms alleged herein

13   occurred in this judicial district, and venue is therefore proper in this Court.

14                                        **FACTS**

15                              **Defendants' History and Products**

16          13.     Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges

17   that Petteri Lahtela, Markku Koskela, and Karl Kivela founded Oura and Oura Health. Plaintiff

18   is further informed,  believes, and based thereon alleges that Oura and Oura Health developed

19   the Oura Ring, which are finger rings containing technology that monitors and tracks certain

20   physical health metrics. Oura and Oura Health describe their product as follows:

21          10 years ago, we created a tool that seamlessly fits into your lifestyle, allowing

22          you to conveniently make your health your priority. Oura gives you unlimited

23          access to accurate data and information about your body, so that you can make

24          more informed decisions, and lead a better, healthier life. Our promise is that we

25          will always meet you where you are– as you are– to help guide you on your

26          journey to discovering what's within.

27   https://ouraring.com/about-us (last accessed September 16, 2024).

28          14.     Oura and Oura Health Oy purport to pride themselves on their integrity.

                                   **COMPLAINT**

KIM RILEY LAW
ATTORNEYS AT LAW

1    If we say we'll do something, we do it. We always show up with integrity, and

2    we prioritize privacy– because it doesn't just matter to us, but to you, as well. We

3    do the right thing, even when no one is looking. It is vital to us that our community

4    and teammates know that they can rely on our products, information, and

5    perspective.

6    https://ouraring.com/about-us (last accessed September 16, 2024).

7         15.    Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges

8    that Harpreet Singh Rai is an investor in Oura and Oura Health and that Oura and Oura Health

9    engaged Harpreet Singh Rai as president in or around May 2017 and promoted him to chief

10    executive officer in or around April 2018. Plaintiff is further informed, believes, and based

11    thereon alleges that Harpreet Singh Rai also became a member of Oura and Oura Health's board

12    of directors. Plaintiff is further informed, believes, and based thereon alleges that Harpreet Singh

13    Rai left the CEO position in or around December 2021.

14    **Defendants Solicit Investment and a Marketing Services and Option Agreement**

15    **from Drew Brees**

16         16.    In or around October 2018, Harpreet Singh Rai – then CEO of Oura and Oura

17    Health – approached representatives of Plaintiff Brees Company, Inc., Drew Brees, and non-

18    party NLS Consulting, LLC ("NLS") to begin discussing the possibility that non-party NLS

19    would invest in Oura and Oura Health pursuant to a Simple Agreement for Future Equity dated

20    November 30, 2019 ("SAFE") and that Plaintiff would contract with Oura and Oura Health for

21    options in consideration of, among other things, Plaintiff making Drew Brees available to

22    perform certain marketing and endorsement services (the "Activities") on Oura and Oura

23    Health's request ("Option").

24         17.    Before Plaintiff Brees Company, Inc., Inc. executed the Option and non-party

25    NLS executed the SAFE, Harpreet Singh Rai, speaking on behalf of Oura and Oura Health, led

26    Plaintiff's representatives to believe that Defendants' board of directors had approved Harpreet

27    Singh Rai's execution of the Option (and the SAFE). In fact, in October 2018, Harpreet Singh

28    Rai informed Plaintiff's representatives that he had spoken with Defendants' board of directors

KIM RILEY LAW
ATTORNEYS AT LAW

1  concerning Plaintiff. In November 2018, Harpreet Singh Rai informed Plaintiff's representatives
2  that Kevin Lin, a member of Defendants' board of directors, was willing to speak with Drew
3  Brees concerning the contemplated transactions. Also in November 2018, Harpreet Singh Rai
4  informed Plaintiff's representatives that Defendants' board of directors asked Harpreet Singh
5  Rai to "close" the contemplated transactions. Representatives of Plaintiff believed Harpreet
6  Singh Rai's numerous statements, and based on those statements, believed that the Defendants'
7  board of directors approved the execution of the Option.

8  ### Non-Party NLS Consulting, LLC's Investment

9      18.    On or about December 27, 2018, Drew Brees executed on behalf of non-party
10  NLS a SAFE. Pursuant to the SAFE, non-party NLS paid to Oura and Oura Health €74,999.46,
11  and Oura and Oura Health issued to non-party NLS 9,847 shares of Oura Health's capital stock.
12  Plaintiff Brees Company, Inc. is informed, believes, and based thereon alleges that Harpreet
13  Singh Rai executed the SAFE on behalf of Oura and Oura Health on or about January 8, 2019.
14  (Plaintiff is not a party to the SAFE and alleges no breach or violation of the SAFE by
15  Defendants).

16  ### Plaintiff Brees Company, Inc.'s Option

17      19.    On or about December 27, 2018, Drew Brees executed on behalf of Plaintiff Brees
18  Company, Inc. the Option, which is entitled "Oura Health OY/Oura Ring Inc. Adviser Equity
19  Plan 2018 US Stock Option Agreement,". Plaintiff is informed, believes, and based thereon
20  alleges that Harpreet Singh Rai executed the Option on behalf of Oura and Oura Health on or
21  about January 8, 2019. A true copy of the Option is attached as Exhibit "1." Oura and Oura Health
22  drafted the Option.

23      20.    The Option provides, among other things:

24      You (Brees Company Inc.) have been awarded an option (the "Option") to

25      purchase shares of Oura Health Oy ("Oura Health") Common Stock under the

26      Oura Health Adviser Equity Plan 2018[1] and its US Addendum (collectively, the

27

28  [1]  Oura and Oura Health Oy never formulated or issued an Oura Health Adviser Equity Plan 2018.

**COMPLAINT**

KIM RILEY LAW
ATTORNEYS AT LAW

1    "Plan"). This Stock Option Agreement and the Plan (together, the "Agreement")

2    govern your rights and obligations under the Option. Capitalized terms not

3    otherwise defined herein have the meanings set forth in the Plan.

4    Exh. "1" (Option), p. 2.

5        21.    The number of shares subject to the Option was 17,554. Exh. "1" (Option), p. 1.

6    When the Option was executed, the aggregate value of the option was "17,554 shares x €25.00

7    EUR per share which translates to €403,512 EUR, at an exchange rate of $1.14 USD to EUR."

8    Exh. "1" (Option), p. 1. The Option set the exercise price at €1.76 EUR per share. Id.

9        22.    The grant date of the Option was November 30, 2018, and the Option provides

10   that it vests upon the performance of the Activities by Drew Brees or "at eighteen (18) months,

11   whichever occurs sooner." Id. The Option's expiration date was December 31, 2023. Exh. "1"

12   (Option), p. 2.

13       23.    The Option nowhere incorporates any other documents that existed as of the

14   execution of the Option by the respective parties. Exh. "1" (Option), p. 2. The Option purports

15   to incorporate the terms of a document entitled "Oura Health Adviser Equity Plan 2018" and its

16   purported U.S. Addendum, but those documents *never existed, even in draft form.* Id.

17       24.    The Option provides: "Should Brees Company, Inc be forced to initiate legal

18   action due to Oura Health's breach hereof, all expenses and legal costs incurred therein by Brees

19   Company, Inc shall be recoupable by Brees Company, Inc from Oura Health." Exh. "1" (Option),

20   p. 1.

21       25.    From his execution of the Option forward, Drew Brees stood ready, willing, and

22   able to perform the Activities. Although Drew Brees was ready, willing, and able to perform the

23   Activities from his execution of the Option forward, neither Oura nor Oura Health ever asked

24   Drew Brees to perform any of the Activities, however, and the Option vested on May 30, 2020,

25   18 months after the Option grant date. Exh. "1" (Option), p. 2.

26           **Plaintiff Brees Company, Inc's Attempt to Exercise the Option**

27       26.    In May 2022, there was a 23:1 stock split with respect to Oura Health stock, which

28   means that the number of shares owned by non-party NLS pursuant to the SAFE agreement

KIM RILEY LAW
ATTORNEYS AT LAW

6

**COMPLAINT**

1   became 226,481, the number of shares subject to Plaintiff Brees Company, Inc.'s Option became

2   403,512, and Plaintiff's Option exercise price became €0.077 EUR per share.

3          27.    On or about December 23, 2023, Plaintiff Brees Company, Inc. attempted to

4   exercise the Option. Plaintiff sent to Oura and Oura Health a check in the amount of $33,236.48

5   having calculated that, pursuant to the currency conversion rate of €1.00 EUR to $1.0764 as of

6   that date, the total funds in United States Dollars required to exercise the Option was $33,236.48.

7   In exchange for these funds, Oura and Oura Health were required to send to Plaintiff fully

8   executed, duly issued Share Certificates evidencing and reflecting the 403,512 shares of Oura

9   Health Common Stock.

10                  **Oura and Oura Health's Breach of the Option Agreement**

11         28.    Oura and Oura Health refused to permit Plaintiff Brees Company, Inc. to exercise

12  the Option. Oura and Oura Health claimed that Harpreet Singh Rai did not have authority to enter

13  the Option, the boards of Oura and Oura Health had not approved the Option, Drew Brees did

14  not perform any of the Activities (notwithstanding that Plaintiff Brees Company, Inc. had

15  informed Oura and Oura Health that Drew Brees stood reading, willing, and able to perform the

16  Activities, but neither Oura nor Oura Health ever asked Drew Brees to perform any of the

17  Activities), and that Oura and Oura Health were unable for contractual reasons to issue the Oura

18  Health Common Stock mandated by the Option.

19                          **FIRST CAUSE OF ACTION**

20                            **(Breach of Contract)**

21                           **(Against all Defendants)**

22         29.    Plaintiff Brees Company, Inc. realleges and incorporates herein by reference all

23  the preceding allegations as if set forth fully.

24         30.    Plaintiff Brees Company, Inc. and Defendants entered the Option, which was a

25  valid and enforceable contract.

26         31.    Plaintiff Brees Company, Inc. performed all its obligations pursuant to the Option.

27  Plaintiff informed Defendants that Plaintiff had ensured that Drew Brees stood ready, willing,

28  and able to perform the Activities. Notwithstanding, Defendants never asked Drew Brees to

KIM RILEY LAW
ATTORNEYS AT LAW

1    perform any of the Activities with respect to the Option.

2          32.    The Option vested on November 30, 2021.

3          33.    Plaintiff Brees Company, Inc. attempted to exercise the Option on December 23,

4    2023, and Defendants breached the Option by refusing to permit Plaintiff to exercise the Option

5    and refusing to provide to Plaintiff duly issued Share Certificates evidencing and reflecting

6    403,512 shares of Oura Ring Oy Common Stock.

7          34.    Plaintiff Brees Company, Inc. is entitled to specific performance of the Option.

8    Plaintiff has previously tendered and stands ready, willing, and able to tender again to Defendants

9    payment for exercise of the Option at the Option price of $33,236.48.

10          35.    In the alternative, as a direct and proximate result of the breaches by Defendants

11    of the Option, Plaintiff Brees Company, Inc. has suffered damages in at least the principal amount

12    of the difference between the value of 403,512 shares and the option exercise price of $33,236.48,

13    to be proved at trial.

14    <center>**SECOND CAUSE OF ACTION**</center>

15    <center>**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**</center>

16    <center>**(Against all Defendants)**</center>

17          36.    Plaintiff Brees Company, Inc. realleges and incorporates herein by reference all

18    the preceding allegations as if set forth fully.

19          37.    Plaintiff Brees Company, Inc. and Defendants entered the Option, which was a

20    valid and enforceable contract.

21          38.    California law implies in the Option a covenant of good faith and fair dealing

22    pursuant to which Defendants may not, among other things, take actions to deprive Plaintiff Brees

23    Company, Inc. of the benefit of its bargain.

24          39.    Plaintiff Brees Company, Inc. performed all its obligations pursuant to the Option.

25    Plaintiff informed Defendants that Plaintiff had ensured that Drew Brees stood ready, willing,

26    and able to perform the Activities. Notwithstanding, Defendants never asked Drew Brees to

27    perform any of the Activities with respect to the Option.

28          40.    The Option vested on November 30, 2021.

KIM RILEY LAW
ATTORNEYS AT LAW

<center>8</center>
<center>**COMPLAINT**</center>

1      41.    Plaintiff Brees Company, Inc. attempted to exercise the Option on December 23,

2    2023.

3      42.    Defendants refused to permit Plaintiff Brees Company, Inc. to exercise the

4    Option, claiming that Harpreet Singh Rai did not have authority to enter the Option, that Drew

5    Brees did not perform any of the Activities (notwithstanding that Defendants never asked Drew

6    Brees to perform any of the Activities), and that Defendants were unable for contractual reasons

7    to issue the Oura Health Common Stock mandated by the Option..

8      43.    Defendants' claims that Harpreet Singh Rai did not have authority to enter the

9    Option, that Drew Brees did not perform any of the Activities (notwithstanding that Defendants

10    never asked Drew Brees to perform any of the Activities), and Defendants were unable for

11    contractual reasons to issue the Oura Health Common Stock mandated by the Option constitute

12    breaches of the implied covenant of good faith and fair dealing implied in the Option, and

13    Defendants, thereby, deprived Plaintiff Brees Company, Inc. of the benefit of the bargain.

14      44.    Plaintiff Brees Company, Inc. is entitled to specific performance of the Option.

15    Plaintiff has previously tendered and stands ready, willing, and able to tender again to Defendants

16    payment for exercise of the Option.

17      45.    In the alternative, as a direct and proximate result of the breaches by Defendants

18    of the Option, Plaintiff Brees Company, Inc. has suffered damages in at least the principal amount

19    of the difference between the value of 403,512 shares and the option exercise price of $33,236.48,

20    to be proved at trial.

21                         **THIRD CAUSE OF ACTION**

22            **(In the alternative to the First and Second Causes of Action)**

23                              **(Fraud)**

24                        **(Against all Defendants)**

25      46.    Plaintiff Brees Company, Inc. realleges and incorporates herein by reference all

26    the allegations of paragraphs 1 through 27 as if set forth fully.

27      47.    Before Plaintiff Brees Company, Inc. executed the Option, Harpreet Singh Rai,

28    speaking on behalf of Defendants, led Plaintiff's representatives to believe that Defendants'

KIM RILEY LAW
ATTORNEYS AT LAW

9

**COMPLAINT**

1  board of directors had approved Harpreet Singh Rai's execution of the Option. In fact, in October
2  2018, Harpreet Singh Rai informed Plaintiff's representatives that he had spoken with
3  Defendants' board of directors concerning Plaintiff. In November 2018, Harpreet Singh Rai
4  informed Plaintiff's representatives that Kevin Lin, a member of Defendants' board of directors,
5  was willing to speak with Drew Brees concerning the contemplated transactions. Also in
6  November 2018, Harpreet Singh Rai informed Plaintiff's representatives that Defendants' board
7  of directors asked Harpreet Singh Rai to "close" the contemplated transactions. Representatives
8  of Plaintiff believed Harpreet Singh Rai's numerous statements, and based on those statements,
9  believed that the Defendants' board of directors approved the execution of the Option.

10      48.    Plaintiff Brees Company, Inc. and its representatives believed Harpreet Singh
11  Rai's statements concerning his authority and board approval of the Option.

12      49.    Defendants have taken the positions that Harpreet Singh Rai did not seek or obtain
13  board approval with respect to the Option and that Defendants' boards were unaware of the
14  Option. If Defendants' positions are true, Harpreet Singh Rai's statements made on behalf of
15  Defendants concerning board approval were false when made, and Harpreet Singh Rai knew that
16  his statements concerning board approval, made on behalf of Defendants, were false.

17      50.    Plaintiff Brees Company, Inc. relied on Harpreet Singh Rai's representations
18  made on behalf of Defendants concerning Harpreet Singh Rai's authority and board approval of
19  the Option by executing the Option and committing Plaintiff to make Drew Brees available to
20  perform the Activities upon request of Oura and Oura Health. Because Drew Brees can endorse
21  only a finite number of products and services, Plaintiff forwent other such opportunities upon
22  executing the Option.

23      51.    As a direct and proximate result of Defendants' fraud, Plaintiff Brees Company,
24  Inc. has suffered damages in at least the principal amount of the difference between the value of
25  403,512 shares and the option exercise price of $33,236.48, to be proved at trial.

26      52.    Defendant's fraud was oppressive and motivated by malice, oppression and fraud
27  in that it was intended by Defendants to cause injury to Plaintiff Brees Company, Inc. and was
28  carried on by Defendants with willful and conscious disregard for Plaintiff's rights. As a result,

KIM RILEY LAW
ATTORNEYS AT LAW

1    the imposition of exemplary or punitive damages against Defendants is warranted.

2    **FOURTH CAUSE OF ACTION**

3    **(In the alternative to the First, Second, and Third Causes of Action)**

4    **(Negligent Misrepresentation)**

5    **(Against all Defendants)**

6    53.    Plaintiff Brees Company, Inc. realleges and incorporates herein by reference all

7    the preceding allegations as if set forth fully.

8    54.    Before Plaintiff Brees Company, Inc. executed the Option, Harpreet Singh Rai,

9    speaking on behalf of Defendants, led Plaintiff's representatives to believe that Defendants'

10    board of directors had approved Harpreet Singh Rai's execution of the Option. In fact, in October

11    2018, Harpreet Singh Rai informed Plaintiff's representatives that he had spoken with

12    Defendants' board of directors concerning Plaintiff. In November 2018, Harpreet Singh Rai

13    informed Plaintiff's representatives that Kevin Lin, a member of Defendants' board of directors,

14    was willing to speak with Drew Brees concerning the contemplated transactions. Also in

15    November 2018, Harpreet Singh Rai informed Plaintiff's representatives that Defendants' board

16    of directors asked Harpreet Singh Rai to "close" the contemplated transactions. Representatives

17    of Plaintiff believed Harpreet Singh Rai's numerous statements, and based on those statements,

18    believed that the Defendants' board of directors approved the execution of the Option.

19    55.    Plaintiff Brees Company, Inc. believed Harpreet Singh Rai's statements

20    concerning his authority and board approval of the Option.

21    56.    Defendants have taken the positions that Harpreet Singh Rai did not seek or obtain

22    board approval with respect to the Option and that Defendants' board was unaware of the Option.

23    If Defendants' positions are true, Harpreet Singh Rai should have known that his statements made

24    on behalf of Defendants concerning board approval were false.

25    57.    Plaintiff Brees Company, Inc. relied on Harpreet Singh Rai's representations

26    made on behalf of Defendants concerning board approval of the Option by executing the Option

27    and committing Plaintiff to make Drew Brees available to perform the Activities upon request of

28    Oura and Oura Health. Because Drew Brees can endorse only a finite number of products and

11

**COMPLAINT**

1 services, Plaintiff forwent other such opportunities upon executing the Option.

2      58.    As a direct and proximate result of Defendants' negligence, Plaintiff Brees

3 Company, Inc. has suffered damages in at least the principal amount of the difference between

4 the value of 403,512 shares and the option exercise price of $33,236.48, to be proved at trial.

5                          **PRAYER FOR RELIEF**

6      **WHEREFORE,** Plaintiff Brees Company, Inc. prays for entry of a final judgment

7 against Defendants on all Plaintiff's Causes of Action herein, in an amount sufficient to

8 compensate Plaintiff for the losses it suffered as set forth in each of the Causes of Action

9 contained herein, and respectfully requests that this Court grant them the following relief:

10      1.    On the FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT for:

11            a.    Specific performance;

12            b.    In the alternative, compensatory damages according to proof;

13            c.    Reasonable attorneys' fees;

14            d.    Costs of suit;

15      2.    On the SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED

16 COVENANT OF GOOD FAITH AND FAIR DEALING for:

17            a.    Specific performance;

18            b.    In the alternative, compensatory damages according to proof;

19            c.    Reasonable attorneys' fees;

20            d.    Costs of suit;

21      3.    In the alterative to the FIRST and SECOND CAUSES OF ACTION, on the

22 THIRD CAUSE OF ACTION FOR BREACH OF FRAUD for:

23            a.    Compensatory damages according to proof;

24            b.    Exemplary damages according to proof;

25            c.    Reasonable attorneys' fees, if allowable;

26            d.    Costs of suit;

27      4.    In the alterative to the FIRST, SECOND, and THIRD CAUSES OF ACTION, on

28 the FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION for:

KIM RILEY LAW
ATTORNEYS AT LAW

12
**COMPLAINT**

1    a.  Compensatory damages according to proof;

2    b.  Reasonable attorneys' fees, if allowable;

3    c.  Costs of suit;

4   5.  On all CAUSES OF ACTION for:

5    a.  Pre-judgment and post-judgment interest; and

6    b.  Such other and further relief as the Court may deem just, proper, and

7 equitable to deprive Defendants of any unjust benefit or enrichment from their wrongful

8 conduct.

9 Date: September 23, 2024     KIM RILEY LAW

10

11

12         By:

13           REBECCA J. RILEY
            ANDREW F. KIM

14           Attorneys for Plaintiff
            BREES COMPANY, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**COMPLAINT**

# EXHIBIT 1

DocuSign Envelope ID: 9D6329F2-BDFE-405E-A560-8FBB0FB8DA1A

**OURA HEALTH OY / OURA RING INC. ADVISER EQUITY PLAN 2018**
**US STOCK OPTION AGREEMENT**

Optionee:                     Brees Company Inc.("Optionee" or "you")


This option is in conjunction with Drew Brees as an investor via his entity NLS Consulting LLC. Drew Brees Inc is concurrently awarded an option for the following marketing services / commitments:

- Participation in a four (4) hour production shoot to capture content to be used by Oura for online, print and social media marketing, advertising and promotional purposes. For the avoidance of doubt, this does not include any rights to use content in a national TV commercial.
- A two (2) hour Satellite Media Tour (radio, print, online etc.)
- Multiple Social Media posts (Twitter—3.12 million, Facebook—2 million and Instagram— 898,000)
- Introductions to the S&C staff at the Saints in regards to using the Oura Ring with other Saints players

The aggregate value of the option is 17,554 shares x €25.00 EUR per share which translates to €438,596.49 EUR, which is worth $500,000.00 USD at an exchange rate of 1.14 USD to EUR. It's worth noting that the company's current share price is €7.62, with 4.65mm shares outstanding for an aggregate valuation of €36mm. A share price of €25.00 represents a valuation of €116mm. Oura's goal is to exceed this valuation in the next 12-24 months.

For the avoidance of doubt, these options immediately vest upon a change of control or sale of the company.

Approval Rights:
Any and all proposed use of the name, image, likeness and/or signature of Drew Brees (the Attributes") in connection with this Agreement must be submitted to Brees Company, Inc for prior written approval in every proposed instance. A BREACH OF THIS SECTION IS NON-CURABLE AND PROVIDES BREES COMPANY, INC THE RIGHT TO IMMEDIATELY TERMINATE THIS AGREEMENT UPON NOTICE TO COMPANY CAUSING ANY AND ALL SHARES TO IMMEDIATELY VEST AND BE DUE TO BREES COMPANY, INC.


Indemnification:
Oura Health shall indemnify, hold harmless and defend Licensor, and Brees Company, Inc, its parents, subsidiaries, affiliates, officers, directors, representatives, employees and agents, from and against any and all claims, liabilities, demands, causes of action, judgments, settlements (including, but not limited to, reasonable attorneys' fees and court costs) arising out of or in connection with (i) the design, manufacture, packaging, distribution, shipment, advertising, promotion, sale, or exploitation of the Products, (ii) any breach of any representation, warranty, or covenant made by Oura Health hereunder, or (iii) the failure of Oura Health to perform any of its covenants or obligations contained in this Agreement.


Remedies.  All specific remedies provided for in this Agreement shall be cumulative and shall not be exclusive of one another or of any other remedies available in law or equity.  Failure of either party to insist upon strict performance of any of the covenants or terms hereof to be performed by the other party shall not be construed to be a waiver of any such other covenants or terms.  Should Brees Company, Inc be forced to initiate legal action due to Oura Health's breach hereof, all expenses and legal costs incurred therein by Brees Company, Inc shall be recoupable by Brees Company, Inc from Oura Health.

DocuSign Envelope ID: 9D6329F2-BDFE-405E-A560-8FBB0FB8DA1A

Oura Health Oy US Stock Option Agreement
Page 2

You (Brees Company Inc.) have been awarded an option (the "Option") to purchase shares of Oura Health Oy ("Oura Health") Common Stock under the Oura Health Adviser Equity Plan 2018 and its US Addendum (collectively, the "Plan"). This Stock Option Agreement and the Plan (together, the "Agreement") govern your rights and obligations under the Option. Capitalized terms not otherwise defined herein have the meanings set forth in the Plan.

| | |
|---|---|
| **Number of Shares:** | 17,512 |
| **Exercise Price:** | EUR  1.76 per share |
| **Grant Price:** | EUR  25.00 per share |
| **Date of Grant:** | November 30, 2018 |
| **Vesting Start Date:** | Upon grant date, immediate vesting on change of control |
| **Type of Option:** | Incentive Stock Option _____ <br> Non-Statutory Option ___x___ |
| **Expiration Date of Option:** | ___December 31, 2023_____ |
| **Vesting:** | Upon completion of four (4) hour production shoot and the Two (2) hour Satellite Media Tour or at eighteen (18) months, whichever occurs sooner. |
| **Exercise After Termination:** | If your Adviser Status or other service relationship with Oura Health or one of its Subsidiaries Terminates for any reason, you will be entitled to exercise your vested Options as provided in Section 5(c) of the US Addendum unless otherwise provided below: |
| **Rights as a Stockholder:** | The Option does not confer to you any rights as a stockholder of Oura Health until and unless you duly exercise all or a part of your Option and thereby become a stockholder with respect to the exercised Shares. |
| **Repurchase Option:** | You irrevocably agree that the Option and the Shares issued to you pursuant to an exercise hereof are subject to restrictions on transfer as contained in applicable securities laws, the Plan, the Company's Articles of Association, and the terms and provisions (including rights of first refusal) of that certain shareholders agreement dated 17 April 2015 by and among various shareholders of the Company (the **SHA**), including the Share transfer restrictions and co-sale obligations set forth in Section 9 thereof. Upon your Termination, any Shares issued pursuant to the exercise of the Option shall be subject to a repurchase option in favor of the Company, whereby the Company may repurchase any or all such Shares at the fair market value of a Share, as determined by the Board of Directors, at the time of repurchase (the **"Repurchase Option"**). The Repurchase Option shall be exercisable by the Company within six (6) months after your Termination, or in the case of Shares issued upon exercise of the Option after such date of termination, within six (6) months after the date of such exercise. The Company may pay for Shares repurchased pursuant to the Repurchase Option with any form of |

DocuSign Envelope ID: 9D6329F2-BDFE-405E-A560-8FBB0FB8DA1A

Oura Health Oy US Stock Option Agreement
Page 3

consideration permissible under applicable law.

**Tax Consequences:**    You understand and agree that you are solely responsible for determining and complying with your own tax consequences and requirements resulting from the issuance and potential exercise of the Option based on the tax laws that apply to you.

**The Plan:**    You acknowledge that Oura Health has provided you with a copy of the Plan.  Please review it carefully.

**Consent of Spouse:**    If you are married and reside in the States of Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, Wisconsin or any other State in which the laws of community property apply, you have obtained your spouse's consent in the form of Exhibit A hereto ("Consent of Spouse"), effective on the date hereof.  Notwithstanding the execution and delivery thereof, such consent shall not be deemed to confer or convey to your spouse any rights in your Options or Shares underlying the Options that do not otherwise exist by operation of law or the agreement of the parties.  If you should marry or remarry subsequent to the date hereof while residing in any of the aforementioned States, you will within thirty (30) days thereafter obtain your new spouse's acknowledgement of and consent to the existence and binding effect of all restrictions contained in the Plan and this Agreement by causing such spouse to execute and deliver a Consent of Spouse acknowledging the restrictions and obligations contained in this Agreement and the Plan, and agreeing and consenting to the same.

**(Signature Page Follows)**

3

DocuSign Envelope ID: 9D6329F2-BDFE-405E-A560-8FBB0FB8DA1A

Oura Health Oy US Stock Option Agreement
Page 4

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the Date of Grant noted above.

COMPANY:

OURA HEALTH OY

By: _Harpreet Rai_

Harpreet Rai, CEO

OPTIONEE:

Signature

Print Name:  Drew Brees

**MANDATORY: Primary residence address:**

4

**EXHIBIT B**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="text-align:right;">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OURA HEALTH OY, OURA RING, INC., and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BREES COMPANY, INC.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br><br>400 McAllister St., San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso)*<br><br>**CGC-24-618303** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kim Riley Law; Rebecca J. Riley/Andrew F. Kim, 9018 Balboa Boulevard, #552, Northridge CA 91325 - 818-216-5288; 323-547-8992

| DATE:<br>*(Fecha)* **09/23/2024** | Clerk, by<br>*(Secretario)* **SAHAR ENAYATI** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Oura Health Oy

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

<div style="text-align:right;">Page 1 of 1</div>

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |