UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREES COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>OURA HEALTH OY, et al.,<br><br>    Defendants. | Case No. 24-cv-08548-VC<br><br>**ORDER GRANTING MOTION FOR REMAND, DENYING MOTION AND CROSS-MOTION FOR SANCTIONS, DISMISSING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 25, 39, 41 |

    The motion to remand is granted, without attorneys' fees. The plaintiff's motion for sanctions and the defendants' cross-motion for sanctions are denied. In light of the impending remand, the motion to dismiss is moot. The Clerk is directed to remand the case to San Francisco Superior Court.

    1. The presence in this case of Oura Ring—a California company—as a defendant defeats diversity, so there is subject matter jurisdiction only if the Brees Company fraudulently joined Oura Ring. "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). To establish fraudulent joinder under the second theory, a defendant must show that an "individual joined in the action cannot be liable on any theory." *Id.* (cleaned up). This is a "heavy burden"—"if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was

proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (emphasis added) (internal citation and quotation marks omitted). And there is a "general presumption against [finding] fraudulent joinder." *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (alteration in original).

The defendants have not met the heavy burden of establishing that Oura Ring is a sham defendant because the possibility cannot be ruled out that Brees Company could state a claim against Oura Ring for negligent misrepresentation.[1] The defendants argue that the Brees Company's allegations are implausible because no reasonable person would believe that Oura Ring was involved in the option agreement at issue and so there could be no reasonable reliance on any action by Oura Ring. But the option agreement itself seemed to say that both Oura Health OY and Oura Ring were involved: it was titled "Oura Health OY / Oura Ring Inc. Adviser Equity Plan 2018 US Stock Option Agreement." Dkt. No. 1, Exh. 1 to Notice of Removal, at 1. And the Brees Company alleges that Harpeet Singh Rai, who represented both Oura Health OY and Oura Ring as the CEO of each respective company, made representations on behalf of both companies that the Brees Company was receiving a valid options contract for Oura Health OY stock. To be clear, these allegations as to Oura Ring are thin. But even if they seem implausible, it can't be ruled out that these alleged misrepresentations as to Oura Ring's involvement in the negotiation of option agreement reasonably induced the plaintiff to rely on that involvement in signing the agreement.

2. The request for attorneys' fees under § 1447(c) is denied. The Brees Company argues that there was "no objectively reasonable basis" for the defendants' belief that Oura Ring was

---

[1] For purposes of deciding this motion, the Court ignores the Brees Company's argument that Oura Ring is an alter ego of Oura Health OY. That argument is somewhat puzzling in light of the fact that, if it were true, Oura Ring's citizenship would match that of Oura Health OY's citizenship, and this Court would have subject matter jurisdiction. *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (noting that, when a subsidiary is the alter ego of a parent corporation, the subsidiary's citizenship is presumed to match that of the parent corporation's). Regardless, because of the determination that the Brees Company could possibly have a claim against Oura Ring for negligent misrepresentation in the first instance, there is no need to evaluate that argument.

fraudulently joined. But the Brees Company's allegations as to its alter ego theory would lead to complete diversity, because Oura Ring would take on the citizenship of Oura Healthy OY, a Finnish company. *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992). And its contract claims, without those alter ego allegations, obviously raise no cause of action against Oura Ring because Oura Ring was not a signatory to the contract. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). Finally, as noted above, the allegations as to negligent misrepresentation, and, to a greater extent, fraud, are thin.

3. The plaintiff's motion for sanctions is denied. As noted above, the defendants' removal was not objectively unreasonable, and there is no indication that the removal notice was filed for an improper purpose. Not only did the defendants' counsel conduct a reasonable inquiry into the Brees Company's principal place of business, but any confusion about the location of that principal place of business was reasonable given the evidence showing the Company's "principal address" was in Ohio. *See* Dkt. Nos. 47-4, 47-7, 47-8. The "Notice of Indirectly Related Case" was not filed for an obviously improper purpose, as the facts experienced by both Brees and the plaintiff in the potentially related case are very similar, which is one of the situations that can support relation under the local rules. The defendants' counsel's stray comment that a pending appeal in that case may impact the timing of this case, even though the appeal was unrelated to the facts of this case, is not, in this Court's discretion, sanctionable conduct in this case.

4. The defendants' cross-motion for sanctions is denied. The plaintiff's motion for sanctions, while nit-picky, is not so unreasonable that its filing was sanctionable conduct, nor is there sufficient evidence that the plaintiffs' counsel did not conduct a reasonable inquiry before filing the motion for sanctions.

**IT IS SO ORDERED.**

Dated:

_____
VINCE CHHABRIA
United States District Judge